[No. 602.   Decided February 24, 1890.]

EZRA MEEKER v. AGUSTUS GARDELLA, ALEXANDER S. FARQUHARSON, CHRISTENA WAGNER AND ALLEN J. MILLER, *Administratrix and Administrator of the estate of* WILLIAM WAGNER, *deceased.*

USE AND OCCUPATION — MEASURE OF DAMAGES — EVIDENCE — EXCEPTION TO INSTRUCTIONS — UNCERTAIN VERDICT — SUMMONING TALESMAN.

Where the court orders the United States marshal to summon a talesman from the bystanders to fill an exhausted panel, the sheriff being present, and, so far as the record shows, not disqualified, and the defendant objects but does not interpose any challenge to the juror, and it does not appear that the juror was in any way unfit to try the case, there is no error prejudicial to the defendant.

In an action for damages for the detention of premises on which there was a hop yard, it is error to permit the introduction of evidence to show the custom of farmers of selling hops while growing, and to show the highest market value of hops before they were gathered or ripe.

Where plaintiff has obtained judgment in an action of ejectment, and defendant appeals, filing bond therefor, in a subsequent action by plaintiff against defendant to recover damages for use and occupation pending the appeal, plaintiff is not bound to sue on the appeal bond.

In an action for use and occupation the true measure of damages where defendant holds under color of title adversely to plaintiff, is the fair rental value of the premises, together with interest thereon to the time of the trial, and it is error to permit evidence of the highest market value of the produce of a farm during the year, for the purpose of proving damages.

Where instructions consisted of a series of separate propositions, and defendant's exception to the charge was "to the giving of which and to the giving of each part thereof," not otherwise pointing the specific parts to which exception was taken, the exception is insufficient, as the court can not say that no part of the charge was sound.

In an action for use and occupation a verdict assessing "damages at $3,050, and legal interest," is bad for uncertainty, and will not sustain a judgment unless the words "and legal interest" be treated as surplusage.

*Appeal from District Court, Pierce County.*

The facts are sufficiently stated in the opinion.

*Roger S. Greene,* for appellant.

Under Code Wash. T., §§ 468, 762, the facts stated in the complaint did not constitute a good cause of action. For the time covered by any stay bond plaintiffs were by statute limited to their remedy upon that bond. The penalty, terms and conditions of that bond are essential facts to constitute a cause of action for withholding possession during the appeal for which it was given.

Express statute makes it the course of the court for the sheriff to select the talesmen. Code Wash. T. § 206.

Evidence of any highest market value was inadmissible unless prefaced by issue of willfulness and evidence of willfulness. No evidence of market value was so prefaced, and the true measure of damages was actual value of crops and pasturage, unharvested and ungrazed, at the place and fit times for harvesting and depasturage; or, to put it differently, the actual values then and there of the pasturage when grazed, and of the harvested crops, less the reasonable expenses of harvesting, curing and baling. *Stockbridge Iron Co. v. Cone Iron Works*, 102 Mass. 80; *Ege v. Kille*, 84 Pa. St. 333; *E. E. Bolles Wooden Ware Co. v. United States*, 16 Otto, 432; Code Wash. T., § 541. Evidence of any market value prior to the time of harvesting, or taking away the crops or pasturage, was inadmissible, no matter what the custom of farmers as to selling crops before ripe may have been. For no damage mentioned in the complaint accrued, until the crops, etc., were taken and appropriated; and no evidence of custom was admissible, unless in aid of the admissibility of such prior market value. A special damage, by reason of the withholding possession during that part of the year prior to harvest, making it impracticable for plaintiffs to dispose of the crops for prices that might

otherwise have been realized, should have been averred in the complaint to prepare the way for proof of the custom, and of the prior market value. The district judge erred in giving the jury as a measure of damages, " the highest market price during the year for any or all the produce or use of the farm, allowing nothing to the defendant for any expense or labor on the same." *Moore v. Crose*, 43 Ind. 30–34; *Stilwell v. Barnett*, 60 Ill. 219; *Tripp v. Grouner*, 60 Ill. 474; *Stockbridge Iron Co. v. Cone Iron Works*, 102 Mass. 80.

Though there are cases in our reports deciding that specification by assignment of error is necessary, there is no case to the effect that it is necessary to specify exclusively in an exception the particular instruction complained of. *The British Bark Latona v. McAllep*, 3 Wash. T. 332*b*, 342; *Swift v. Stine*, 3 Wash. T. 518–520.

*Judson, Sharpstein & Sullivan*, for appellees.

Appellant contends, that for the time covered by the stay bond plaintiffs in the court below were by statute limited to their remedy upon that bond. We answer, that there could be no liability upon the bond until the damages sustained had been fixed by the judgment of some court of competent jurisdiction. In an action to so establish the damages sustained, the bond would be wholly immaterial.

Calling talesmen is no exclusive right of the sheriff. In contemplation of law, the court calls the talesmen. The sheriff only acts under the direction of the court. Code Wash. T., § 206.

When appellant accepted the juror without objection he waived all objection to the manner in which he was called. *Territory v. Hart*, 7 Mont. 42 (14 Pac. Rep. 768, 774); *State v. Elliott*, 45 Iowa, 486; *Erwin v. State*, 29 Ohio St. 190; *Lum v. State*, 11 Tex. App. 483.

Evidence of the market value of hops before harvesting was properly admissible, it being shown that it was the

custom of farmers to sell their hops before they are ripe.
It being admitted by appellant that if Meeker's conduct
was willful, that then he was liable for the highest market
price obtainable for the hops, and his willfulness being
shown, it follows that plaintiffs had the right to show the
value of this crop from the time it had an established
market value up to and including the time of its removal
from the premises.    Defendant is not charged with taking
and carrying away this crop, but he is charged with un-
lawfully withholding these premises from plaintiffs.    For
doing this, without right, the highest market value of the
crops raised has been fixed by the decisions of numerous
courts as the measure of damages.    *Ellis v. Ware*, 33 Ind.
191 (5 Am. Rep. 189); *Willie v. Carter*, 11 Am. Dec.
562, and note; *Stewart v. Phillips*, 39 Iowa, 18; *Silsbury
v. McCoon*, 3 Comst. 379; *Patchin v. Kelley*, 14 Pac. Rep.
347; *Dewey v. Osborn*, 4 Cow. 388; *Gaines v. City of
New Orleans*, 17 Fed. Rep. 30.

This court will not review the action of the court below
in giving and refusing to give certain instructions because
the exceptions to the ruling of the court were general.
*Woods v. Berry*, 14 Pac. Rep. 759; *Cadwell v. Murphy*,
11 N. Y. 416; *Walsh v. Kelley*, 40 N. Y. 556; *Ayrault v.
Pacific Bank*, 47 N. Y. 576; *Beaser v. Taylor*, 93 U. S.
46; *Yates v. Bachley*, 33 Wis. 185; *Hopkins Manufactur-
ing Co. v. Aurora, etc., Co.*, 48 Mich. 148.


The opinion of the court was delivered by

ANDERS, C. J. — On the 24th day of March, 1885, a
judgment was rendered in the district court of the Second
judicial district of Washington Territory, holding terms at
Tacoma, against appellant, who was defendant, and in favor
of appellees, who were plaintiffs, for the recovery of the
possession of certain lands in Pierce county, described in
the complaint in this action.    Appellant, however, did not
relinquish the premises to appellees, but appealed the cause

to the supreme court of the territory, which court, on the 4th day of February, 1886, affirmed the judgment of the court below.   Soon after the last mentioned date, appellant surrendered the premises in dispute to appellees.   The present action was brought to recover damages for the wrongful withholding, and for use and occupation of the land and premises, during the pendency of the appeal of the former cause to the supreme court, and for the conversion, by appellant, of certain hop poles claimed by appellees.   On the land in controversy, there was a cultivated hop yard of about twenty-five acres, a fruit-bearing orchard, and about twenty-five acres of meadow land, besides considerable pasture.   Appellant, while in possession from March, 1885, to March, 1886, gathered the hops and fruit, and cut the hay grown on the land, and disposed of the same for his own benefit, and also had the use of the pasture. The principal controversy, during the trial in the lower court, was as to the measure of plaintiff's damages.   But before entering into the discussion of that question, we will advert to some other matters which arose in the course of the trial.

It appears from the transcript that in getting a jury to try the cause, the regular panel became exhausted, and while the sheriff of the county was present in the court room, the judge ordered the United States marshal to summon a talesman from the bystanders, which he accordingly did.   To this proceeding the defendant objected, and he now assigns the action of the court, in that behalf, as error. For the court to thus order a venire or summons to be served by some other person, when the duly elected and qualified sheriff was present, and, so far as the record shows, not disqualified, was to depart from the usual and regular course of practice; but, as it does not appear that appellant interposed any challenge to the juror so summoned, or that the juror was in any way unfit to try the case, we think that, if the court erred, it was error without prejudice to

the defendant. *State v. Elliott,* 45 Iowa, 486 ; *Territory v. Hart,* 7 Mont. 42 (14 Pac. Rep. 768, 774).

Appellant also claims that the court erred in permitting evidence to go to the jury as to the custom of farmers of selling hops while growing and before maturity, and that the court wrongfully allowed plaintiff to show the highest market value of hops before they were gathered or ripe, as well as afterwards. And, under the pleadings, we are of the opinion that such testimony should not have been permitted by the court. It related to a matter of special damage not set up in the pleadings; and, besides, it does not appear that appellees would or could have sold the hops before maturity if they had been in possession of the farm and hop yard themselves.

Counsel for appellant further contends that the court erred in overruling the demurrer to the amended complaint. He bases his objection to the complaint on the ground that the action should have been brought on the appeal bond of appellant, filed in the action of ejectment. The position of counsel is not tenable. The bond was given to the appellees, not to provide them any exclusive remedy against appellant for damages, but to indemnify them against payment of costs, and secure to them their damages for being kept out of possession of their property and the satisfaction of the judgment appealed from, in case of its affirmance. Appellees were not bound to sue on the bond, but were at liberty to bring their action for use and occupation directly against the defendant Meeker alone.

In proving damages in the court below, plaintiffs were permitted to show the highest market value of the produce of the farm during the year 1885. They claimed that the measure of their damages was the highest market price of the crops taken by defendant, without any diminution on account of expense of gathering and fitting them for market or for use. On the other hand, the defendant insisted that the market price of the various crops at maturity and

ungathered, with interest thereon, was the correct measure
of damages, and all he ought to pay.  We do not think
that, in the case as presented on the argument, either rule
contended for by the respective counsel is the correct meas-
ure of damages.  As before stated, the action is for use
and occupation.  The defendant was not a mere naked tres-
passer; he was holding under color of right adversely to
plaintiffs.  And, in that case, the true measure of damages
is the fair rental value of the premises, together with in-
terest thereon to the time of the trial.  Sedgwick and Wait
on the Trial of Title to Land, §§ 665, 666, and cases cited;
*Vandevoort v. Gould,* 36 N. Y. 639.  And the value of the
crops raised and harvested by the defendant was immate-
rial, except so far as it might assist in determining the
fair rental value of the premises; and this, no doubt, was
the real object of counsel in introducing the testimony
above mentioned.  Where the action is for use and occu-
pation, the crops raised and harvested by the defendant,
while in exclusive possession, belong to him, and not to
the owner of the land.  *Page v. Fowler,* 39 Cal. 412; *Stock-
well v. Phelps,* 34 N. Y. 363; Field on Damages, 593.

Appellant concedes the highest market value of the
crops to be the measure of damages if the detention of the
lands was willful, which he claims, however, was not the
case.  The complaint in this action states that the defend-
ant wrongfully continued to hold the exclusive possession
of said premises, notwithstanding the judgment and decree
of said district court, from the date of the rendition of said
judgment to the month of March, 1886, when he yielded
possession to plaintiffs.  On the trial in the district court
appellees introduced in evidence the pleadings, findings of
fact and conclusions of law and judgment of the district
court in the original action, as well as the opinion and
judgment of the supreme court in the case.  The district
court in that action found that the defendant held the
premises in controversy by color of title adverse to plain-

tiffs, and allowed him the value of improvements he had placed on the land as a set-off against the damages for detention, but canceled the lease under which he claimed, for the reason that "the defendant did not, at the time of the making of the lease or at the time of the making of the so-called extension of the same, so fully disclose the facts relating to said premises, to the said Mary I. Walker" (plaintiff's grantor) "as to enable her to contract intelligently and prudently in reference thereto, nor had she been informed by anybody of the facts necessary to give her an intelligent and correct idea of the character and value of the land described in the so-called lease and extension; her agent, the defendant, was fully informed in regard to these matters, but she had but little or no knowledge in reference thereto, having been absent and away from said premises for a long period of time." The court gave judgment for the possession of the premises in favor of plaintiffs, as before stated, but awarded no damages for the detention, beyond the value of the improvements. Appellees claim that this documentary evidence shows that the appellant not only wrongfully, but willfully, detained the land from them, up to the time of the judgment in the former action; and that he continued to hold in the same manner, during the time for which damages are now sought. But we think there was no evidence of willfulness in the case, and that the value of the several crops and of the pasturage, less the value of the labor bestowed thereon, is the amount of the damages, upon the theory of the case apparently adopted by counsel. That sum, in the absence of injury to the premises, is all appellees lost by being out of possession, and they should receive no more than a just compensation for the damages suffered.

The defendant requested the court below to instruct the jury as follows:

"*First:* Plaintiffs are entitled to recover fair compensation for whatever actual damages they have suffered by reason of the acts proved in evidence, and complained of in

their complaint.   *Second:* They are not entitled to recover anything in excess of such fair compensation.   *Third:* You will decide all the issues in this case according to the weight of evidence.   *Fourth:* The plaintiffs are not entitled to recover any sum whatever, unless the fair preponderance of the evidence shows that a sum as large as that is a just and fair compensation to them for the damage actually suffered by them and complained of in the complaint. *Fifth:* The amount of your verdict for the plaintiffs will be based upon the evidence, and will consist of the aggregate of the following items: 1. The value of the hay crop at the date proper to harvest it, and as it stood in the field unharvested, together with interest upon that value from that date to the day of your verdict.   2. The value of the fruit crop at the date proper to gather it, and as it hung on the trees ungathered, together with interest thereon from that date to the day of your verdict.   3. The value of the hop crop at the date proper to pick it, and as it hung on the vines unpicked, together with interest on that value from that date to the day of your verdict.   4. The value of the pasturage for each month of the pasturing season, together with interest on each month's value from the close of the month to the date of your verdict.   5. The value of the hop poles of the plaintiff, removed by the defendant, at the time and place of removal, together with interest thereon from such time to the day of your verdict.   6. There is no evidence in this case that defendant willfully, wantonly, or maliciously, has withholden from Mary I. Walker, or from plaintiffs, or any of them, possession of the lands described in the complaint.   7. There is no evidence before you that Mr. Ezra Meeker acted otherwise than in actual good faith, under color of title, and in an honest belief that he was in the right in holding possession of the premises described in the complaint pending the appeal to the supreme court.   8. In the absence of willfulness or malice or actual bad faith on Mr. Meeker's part in using and occupying the premises, pending the appeal to the supreme court, the plaintiffs have no right to claim or recover in this action, on account of the crops taken, a sum as damages which shall include more than the actual value of the crops at the time when taken, together with interest from that time after deducting all that part of such value which is due to the labor and expense of getting and harvesting the crops."

The court refused to give any of these instructions, and failed to give the same or the substance thereof in any other form or language. They were as favorable to the plaintiffs, under the circumstances of the case, as the law would warrant, and should have been given, especially the last instruction asked. *Smith v. Chicago, etc., R. R. Co.*, 38 Iowa, 518; *Chamberlain v. Collinson*, 45 Iowa, 429; *McLean County Coal Co. v. Long*, 81 Ill. 359; *Weymouth v. Chicago & Northwestern R. R. Co.*, 17 Wis. 550; *Forsyth v. Wells*, 41 Pa. St. 291; *Maye v. Yappen*, 23 Cal. 306; *Ege v. Kille*, 84 Pa. St. 333; *Stockbridge Iron Co. v. Cone Iron Works*, 102 Mass. 80.

The court of its own motion instructed the jury upon the law of the case. The defendant's exception to the charge is " to the giving of which and to the giving of each part thereof." He did not point out the specific parts of the same to which exception was taken, otherwise than as stated above. The instruction, as given, consisted of a series of separate propositions. And as we cannot say that no part of the charge was sound, the exception thereto is insufficient. *Beaver v. Taylor*, 93 U. S. 46; Code of Washington, § 221, subdivision 6; *Ayrault v. Pacific Bank*, 47 N. Y. 570.

The jury returned the following verdict: " We, the jury in the above entitled cause, find for the plaintiffs, and assess the damages at $3,050 and legal interest." The verdict was bad for uncertainty, and would not sustain a judgment for any sum whatever, except by treating the words " and legal interest" as surplusage. It was the exclusive province of the jury to fix the exact amount of damages by their verdict; and it was error to include in the judgment $600 more than was found by the jury.

For the errors above indicated, the judgment of the court below must be reversed, and the cause remanded for a new trial in accordance with this opinion; and it is so ordered.

DUNBAR, SCOTT and STILES, JJ., concur.

HOYT, J., not sitting.