[No. 637. Decided November 18, 1892.]

## J. B. MALING, *Respondent*, v. G. W. CRUMMEY, *Appellant*.

STATUTES — SCOPE OF TITLE — GAMING — INSTRUCTIONS — EXCEPTIONS — ERROR NOT IN RECORD.

A provision in an act giving any person losing money at gaming a cause of action to recover the same from the dealer or winner, is fairly embraced within the title of the act, which reads "An act to prevent and punish gaming."

Where the instructions consist of a number of separate propositions, an exception "to each and every statement and allegation in said charge" is insufficient.

Where there is nothing in the record showing the separation of the jury after agreeing upon their verdict, the matter cannot be urged as error on appeal.

*Appeal from Superior Court, Chehalis County.*

*N. W. Bush*, and *Doolittle & Fogg*, for appellant:

The act entitled "An act to prevent and punish gaming" comes within the inhibition of the organic act of Washington Territory that "no law shall embrace more than one subject, which shall be expressed in the title." There is no intimation in the title of the act that the act provides, or attempts to provide, for the institution of civil actions to recover money lost at gambling; and such recovery cannot in any legal sense be said to be either a "prevention" or a "punishment." The act itself provides for many separate and distinct subjects, none of which are disclosed by the title. It attempts to embrace civil and criminal procedure and remedies indiscriminately. *Harland v. Territory*, 3 Wash. T. 144; *Mayor of Savannah v. State*, 4 Ga. 26; *Albrecht v. State*, 8 Tex. App. 216; *Fletcher v. Oliver*, 25 Ark. 289; *Sun Mutual Ins. Co. v. Mayor*, 8 N. Y. 241; *State v. County Judge*, 2 Iowa, 280; *City*

of *Kansas v. Payne*, 71 Mo. 159; *Marston v. Humes*, 3 Wash. 267; Cooley, Const. Lim. (5th ed.), 173; *People v. Institution, etc., Deaconesses*, 71 Ill. 232; *Middleport v. Ætna Life Ins. Co.*, 82 Ill. 566; *Welch v. Post*, 99 Ill. 477.

*D. Allen*, and *M. J. Cochran*, for respondent:

The supreme court of Oregon has sustained a similar statute, to which the same objection was made as to the one under consideration here. *O'Keefe v. Weber*, 14 Or. 55.

The opinion of the court was delivered by

SCOTT, J.—This is an action brought to recover money lost at gaming. At the conclusion of the plaintiff's case the defendant moved for a non-suit, on the ground that the statute on which the action is founded is void in that it is not embraced in the title to said act. The act was entitled "An act to prevent and punish gaming." The particular provision, now § 142 of the Penal Code, provides that any person losing money, etc., on any of the games referred to, shall have a cause of action to recover from the dealer or player winning the same, the money or thing of value so lost. The appellant contends that the right to recover the money or thing lost in no wise tends to prevent or punish gaming. But it seems to us that the right to recover is sufficiently germane to the title to be fairly embraced within it, for certainly a provision authorizing the recovery of money or property lost at gaming would tend in a large measure to prevent a person from conducting a game, by removing the object to be gained, or the inducement for carrying on the game. The court properly overruled the motion.

The further point is made that the court refused to give certain instructions to the jury which were asked by the defendant. As to these, the matters embraced in them were all sufficiently covered in the instructions which were given.

Appellant also complains of the instructions which the court did give to the jury, but there was no sufficient exception taken to any of said instructions. At the conclusion of the charge the defendant excepted "to each and every statement and allegation in said charge," without specifying any objection or pointing out any ground for such exception. This sort of an exception will not avail a party unless the whole charge is wrong. The instructions consist of a number of separate propositions, some of which are undoubtedly right, and are not even questioned in this appeal, and for that reason the exceptions taken are insufficient. See *Meeker v. Gardella*, 1 Wash. 139 (23 Pac. Rep. 837).

We have examined the charge, however, and it is sufficient to state that the cause seems to have been fairly presented to the jury. Under the circumstances it is unnecessary to go into the instructions in detail.

The case was given to the jury in the evening, and the court informed the jury that they might bring in a sealed verdict, which would be received in the morning. No objection was made to this by either party. The appellant now contends that after agreeing upon the verdict the jury were allowed to separate and go to their respective homes, and that they did not reassemble until court convened on the following morning, when they brought in a verdict, and he alleges this as error. Although this point is alleged in the brief of appellant, we find nothing in the record to show that the jury separated. The point was raised on a motion for a new trial, but there seems to have been no evidence submitted to the court that the jury did separate. When the court convened on the morning succeeding the trial the jury were called and found to be all present, and a sealed verdict was handed up by the foreman. No objection was made to its being received. The court read the verdict, the defendant polled the jury, and each jury-

man answered that the same was his verdict.    Whereupon the defendant stated that he desired to except to the receiving of the verdict in the manner it was received.    This objection does not appear to have been founded on the separation of the jury.    At least there is nothing contained therein to indicate that it was so founded.    There was no complaint that the jury were subjected to any improper influence, or that they were guilty of any misconduct in any way, otherwise than by separating as claimed.    Under the circumstances no error could be founded in the premises.

The judgment is affirmed.

ANDERS, C. J., HOYT, DUNBAR and STILES, JJ., concur.