ELIZABETH K. PRATT *v.* Y. AHIN and YEE NAM,
     PARTNERS UNDER THE FIRM NAME OF Y.
     AHIN COMPANY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 3, 1904.       DECIDED OCTOBER 17, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

LEASE.

> Assignment of lease by consent of lessor, followed by acceptance
> of rent from the assignee, does not release the lessee from its cove-
> nant to pay rent, although the lease did not prohibit assignment,
> and the assignee was a partner in the lessee's firm.

VERDICT.

> A verdict "for the plaintiff for $330. and interest at six per cent."
> is not invalid for uncertainty in an action of covenant for non-pay-
> ment of rent payable in semi-annual installments, fixing the date
> from which to compute interest.

QUESTION—*of fact for jury.*

> Defence of payment is a question of fact for the jury, concerning
> which no question of law is raised by a general exception to the
> verdict as contrary to law and evidence.

OPINION OF THE COURT BY HARTWELL, J.

The case presents but one exception, namely, that the verdict
was contrary to the law and evidence.

The action was for $330., rent due, according to the terms of
the lease, in five semi-annual installments beginning with June
1, 1900, less $45. paid on account of the first installment,
"together with interest on each installment so in default to the
present date." The declaration contained a prayer for judg-

ment for said sum of $330. "with legal interest thereon to the date of recovery of such judgment and for costs of suit." The answer of the defendant Ahin denies that he was ever a partner of Yee Nam, or that Yee Nam was a party to the lease, while admitting the lease between plaintiff and Y. Ahin Company. The answer further avers that by the plaintiff's written permis-sion he transferred the lease October 30, 1899, from Y. Ahin Company, the original lessee, to Yee Chan, and that at the date of the transfer the rent was paid in full; also averring that by the terms of the transfer he reserved no interest, and is not liable for any rents since accrued, and is in no way indebted to plaintiff. An amended answer was filed by Ahin, in which he denied all the allegations in the declaration. The assignment of the lease by the Y. Ahin Company to Yee Chan, October 30, 1899, was placed in evidence. The evidence of the plaintiff was that Yee Nam told the plaintiff's attorney, C. W. Ashford, that he was a partner with Y. Ahin in the original lease; that his real name was Yee Nam; that his business name was Yee Chan. The jury found "for the plaintiff in the sum of $330., together with interest thereon at the rate of six per cent."

The defendant's first contention, as presented in the brief of its counsel, is that "the verdict is too uncertain on which to base a judgment" in omitting to state a time for which the interest is to run.

The two cases cited to sustain this view, *Lashua v. Markham,* 21 R. I. 492, and *Meeker v. Gardella,* 23 Pac. Rep. 837, were actions for unliquidated damages. In the former case the jury rendered a verdict for the plaintiff for "$125. with interest at six per cent.," and in the latter case the jury found "for the plaintiff and assessed the damages at $3,050. and legal interest." The court held the verdict in each case to be bad for uncertainty, in the one case saying that the "verdict in respect to interest is too uncertain for computation because it does not state the time for which the interest is to run," and saying in the other case that the verdict "would not sustain a judgment for any sum whatever except by treating the words 'and legal interest' as

surplusage." The present case is an action for a sum certain, fixed by a written instrument, to wit, the lease which names the dates when the installments of rent are payable by its terms. There is no difficulty in computing the interest on those sums from the date when they respectively became payable under the lease, as set forth in the declaration.

The verdict can not be set aside for uncertainty on this matter of interest.

The defendant further contends that the assignment of the lease by consent of the lessor, and the acceptance from the assignee of the lease of the rent thereafter accruing, amounts to a waiver of the defendant's covenant to pay the rent, or to a surrender of the lease, showing the lessor's intent to substitute the assignee for the original lessee.

The mere assignment by the lessee of his estate under the lease, and the acceptance by the lessor of rent from the assignee does not constitute in law a waiver of the lessee's covenant to pay rent, or a surrender of the term. The law upon this subject is not affected either by the fact that the lessor's consent was not required for the assignment, or that the assignment was made to the co-lessee.

If there were waiver by conduct, it would be a matter for the jury, and not for the court to pass upon. The verdict in this case is conclusive on this matter.

The defendant raised no question of law at the trial, and none is presented by the general exception to the verdict, there being evidence on which it can be sustained.

The same is true of the defendant's claim that the verdict is erroneous because the evidence showed a payment of $150. to the plaintiff's agent. This was a matter of fact for the jury, no question of law having been raised thereon, and it is concluded by the verdict, the agent in her evidence having denied the payment. Exceptions overruled and case remanded to the First Circuit Court.

*C. W. Ashford* for plaintiff.

*Castle & Withington* for defendant.