[No. 5324.   Decided April 3, 1905.]

THE GRAYS HARBOR BOOM COMPANY, *Respondent,* v. THE LYTLE LOGGING & MERCANTILE COMPANY, *Appellant.*[1]

TRIAL—VERDICT—CERTAINTY—LOGS AND LOGGING—ACTION TO RE-COVER BOOMAGE CHARGES.  In an action to recover boomage charges, a verdict for 35 cents per thousand for tide water logs and 50 cents for fresh water logs, without specifying the amount or ascertaining the quantity of logs boomed above tide water, is void for uncertainty, and it is error to enter judgment thereon by computing the quantity of logs from the allegations of the complaint, which were denied, there being nothing in the testimony or record from which the quantity could be ascertained.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered March 22, 1904, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover for services in booming logs.   Reversed.

*J. H. Parker* and *John C. Hogan,* for appellant.

*J. B. Bridges* and *Ben Sheeks,* for respondent.

FULLERTON, J.—The plaintiff brought this action against the defendant to recover boomage charges alleged to be due for services, rendered by the plaintiff in booming and rafting logs belonging to the defendant.   The complaint contained eight causes of action, all of which were very similar in their nature.   In the first and fourth causes of action, the plaintiff claimed boomage charges on logs placed in the river above tide water, and also upon logs placed in tide water.   The remaining causes of action were to recover boomage charges upon logs placed in the river above tide water.   At the trial the jury returned the following verdict:

"We the jury empaneled and sworn in the above en-

[1]Reported in 80 Pac. 271.

titled cause find for the plaintiff in the sum of $—— For tide water logs 35c m; for fresh water logs 50c m."

The court overruled a motion to set this verdict aside, computed the boomage charges on the logs placed in the river above tide water, at the rate of $.50 per thousand, and upon logs placed in tide water, at the rate of $.35 per thousand, and rendered judgment accordingly. The court, in giving judgment, ascertained the quantity of logs placed in the river above tide water, and the quantity placed in tide water, by reference to the complaint. The defendants appeal. If the informal verdict returned in this case could be made certain by reference to the pleadings, or to the admitted facts in the case, we would feel inclined to sustain the judgment. This, however, cannot be done, upon the record before us. The answer admitted that the respondent boomed a quantity of logs for the appellant, being about the quantity mentioned in the complaint, but denied each and every other allegation contained in the paragraphs of the complaint, which set forth the number and quantity of logs boomed, of each class, thereby putting in issue the quantity of logs placed in the river above and below tide water. Nor is the uncertainty in the verdict removed by reference to the testimony. The testimony in no place refers to the quantity of logs placed in the river above or below tide water. It relates exclusively to the reasonableness of the charges made for boomage. The verdict of the jury is therefore uncertain, and cannot be rendered certain by reference to other parts of the record. In order to render a judgment, the court was compelled to find facts which were put in issue by the pleadings. This the court was not authorized to do. For this error, the judgment is reversed, and a new trial granted.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.