(No. 5589. Decided August 7, 1905.)

LUCY H. A. BROWN, *Respondent,* v. EDWARD S. GILLETT, *Appellant.*[1]

TRIAL—VERDICT—UNCERTAINTY—INTEREST ADDED TO VERDICT. A verdict for a specified sum, "with interest," is not void for uncertainty, where the action was for money loaned at a certain date, and both the amount and date were admitted in the answer; and it was proper to add to the verdict interest at the legal rate from such date, and include it in the judgment.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 19, 1904, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Roger S. Greene* and *Austin E. Griffiths,* for appellant.
*Byers & Byers,* for respondent.

MOUNT, C. J.—This is the second appeal in this case. When the cause was here before it was reversed and remanded for a new trial. 33 Wash. 264, 74 Pac. 386. Upon a new trial, the jury returned a verdict as follows: "We, the

[1] Reported in 81 Pac. 1002.

jury in the above entitled cause, do find for the plaintiff in the sum of five hundred dollars ($500) with interest." Upon this verdict the court entered judgment for $500, with interest thereon from April 30, 1901, amounting to $606.50.

The only point made upon this appeal is that the verdict is bad for uncertainty, and will not sustain the judgment. Two cases are cited from this court in support of appellant's contention, as follows: *Meeker v. Gardella,* 1 Wash. 139, 23 Pac. 837, and *Western Mill & Lumber Co. v. Blanchard,* 1 Wash. 230, 23 Pac. 839. The case of *Meeker v. Gardella* was an action for damages, and no time was fixed either in the pleadings, by the facts, or by the verdict, from which interest could be computed. It was correctly held, therefore, that the verdict was bad for uncertainty, and would not support a verdict for $600 more than was found by the jury.

The case of *Western Mill & Lumber Co. v. Blanchard* was upon a contract. The time when the payment became due was admitted to be sixty days after presentation of a draft. There was no proof that the draft was ever issued. The jury returned a verdict for a certain sum "with legal interest." No time was fixed when interest should begin. The court entered a judgment for the sum specified in the verdict, with legal interest from sixty days after a demand for payment. The only contention in that case was that the court allowed too large a sum for interest, and that contention was sustained.

The result in each of these cases was correct, but we think the facts presented there do not control the case now before us. The general rule is that, where the verdict can be made certain by reference to pleadings or the admitted facts in the case, and enough there gathered to supply any apparent uncertainty, courts are inclined to favor the validity of the verdict (*Grays Harbor Boom Co. v. Lytle Log. etc. Co.,* 38 Wash. 88, 80 Pac. 271; 29 Am. & Eng. Ency.

Law [2d ed.], 1017) ; or, as stated in the last named authority, at page 1018:

"Whenever the amount for which judgment should be rendered can be determined by a simple arithmetical calculation, this may be done by the clerk at the request of the judge, or by the judge himself, and a judgment entered accordingly. Hence, though it has been held to be the exclusive province of the jury to find the exact amount of damages by their verdict, it is nevertheless true as a general rule that where the fir ding is for a certain date, judgment may properly be rendered for the principal sum, and the interest calculated in conformity with the terms of the verdict."

In this case it was alleged that the respondent loaned to the appellant $500, on April 30, 1901. Interest was demanded from that date. That allegation was admitted in the answer, so that there is no dispute in the case as to the date from which the respondent is entitled to recover interest. Neither the amount nor the date of the loan was in issue in this case, and when the jury found in favor of the plaintiff for $500, "with interest," there was nothing indefinite or uncertain about this finding, when read in connection with the admitted facts in the record.

The judgment of the court was right, and is therefore affirmed.

RUDKIN, ROOT, FULLERTON, and CROW, JJ., concur.