[No. 8289. Department One. December 27, 1909.]

ANGELA CARROLL et al., Appellants, v. WASHINGTON WATER POWER COMPANY, Respondent.[1]

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS. One general exception to each and every one and every part of all the instructions is insufficient, under Bal. Code, § 5053, to secure a review of the instructions on appeal.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 18, 1908, upon the verdict of a jury rendered in favor of the defendant, in an action for personal injuries sustained by a passenger in alighting from a street car. Affirmed.

*Kenyon & Setters* and *Nuzum & Nuzum*, for appellants.

*H. M. Stephens*, for respondent.

RUDKIN, C. J.—This is an appeal from a judgment in favor of the defendant in an action to recover damages for personal injuries. The errors assigned are all based upon

[1]Reported in 105 Pac. 1026.

the instructions of the court, and the only exception taken to the instructions is contained in the following words at the foot of the charge: "The plaintiff wishes to, as a matter of precaution, take exception to each and every word, sentence, subdivision, phrase, and each and every of the various allegations and instructions given by the court, and each and every one of the instructions given by the.court to the jury." The instructions to which the foregoing exception was taken are twenty-five in number, covering twenty-six pages of the transcript and thirty-seven pages of the respondent's brief. The correctness of but seven of these twenty-five instructions is challenged by the appellants. The statute in force at the time of the trial of this action provided as follows:

"Exceptions to a charge to a jury, or to a refusal to give as a part of such charge instructions requested in writing, may be taken by any party by stating to the court, after the jury shall have retired to consider of their verdict, and, if practicable, before the verdict has been returned, that such party excepts to same, specifying by numbers of paragraphs or otherwise the parts of the charge excepted to, and the requested instructions the refusal to give which is excepted to; whereupon the judge shall note the exceptions in the minutes of the trial, or cause the stenographer (if one is in attendance) so to note the same." Bal. Code, § 5053.

If the purpose of an exception is to direct the attention of the trial court to the claim of error, to the end that the error may be corrected, what effect can be given to the exception reserved in this case? No error was pointed out; no error was even claimed, as the exception was taken as a matter of precaution only. This question has been before this court repeatedly, and we have uniformly held that such exceptions are of no avail. *Meeker v. Gardella*, 1 Wash. 139, 23 Pac. 837; *Cunningham v. Seattle Elec. R. Co.*, 3 Wash. 471, 28 Pac. 745; *Maling v. Crummey*, 5 Wash. 222, 31 Pac. 600; *McDonough v. Great Northern R. Co.*, 15 Wash. 244, 46 Pac. 334; *Shoemaker v. Bryant Lumber & Shingle Mfg. Co.*, 27 Wash. 637, 68 Pac. 380; *State v. Vance*, 29 Wash. 435,.

70 Pac. 34; *Sterrett v. Northport Min. & Smelting Co.*, 30 Wash. 164, 70 Pac. 266; *Gallamore v. Olympia*, 34 Wash. 379, 75 Pac. 978; *State v. Katon*, 47 Wash. 1, 91 Pac. 250. A similar rule prevails, where general blanket exceptions are taken to the findings of fact, in actions tried before the court without a jury. *Fender v. McDonald*, 54 Wash. 130, 102 Pac. 1026, and cases cited.

For the reasons stated, we cannot review the errors assigned on the instructions, and the judgment is accordingly affirmed.

CHADWICK, GOSE, MORRIS, and FULLERTON, JJ., concur.