**UNITED STATES v. BRUNDAGE.**

**BRUNDAGE v. UNITED STATES.**

Nos. 9300, 9377.

Circuit Court of Appeals, Sixth Circuit.

June 2, 1943.

Before HICKS, ALLEN, and Mc-ALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

William James Smith brought an action to recover upon a United States Government Life Insurance policy in the amount of $10,000. He had secured a War Risk policy in 1918 which expired for non-payment of premiums May 31, 1919. In accordance with the statute this policy was reinstated and converted into an ordinary life insurance policy December 1, 1926. May 1, 1930, the amount of the policy was reduced from $10,000 to $5,000. The policy lapsed for non-payment of premiums in December, 1933, but the Government concedes that it was continued in force as extended insurance in the amount of $4,-999.70 until November 21, 1934. Suit on the policy was instituted June 21, 1934. Smith died September 21, 1937, and Karl B. Brundage, special administrator, was substituted as party plaintiff.[1] An amended complaint was filed, containing five separate counts or causes of action, which alleged variously that the insured became totally and permanently disabled (1) December 1, 1926, (2) October 17, 1928, (3) April 13, 1932, and (4) February 14, 1934. The Government's answer denied the various allegations of total and permanent disability. A verdict was returned upon which judgment was rendered in favor of the plaintiff, and appeal and cross-appeal were filed.

At the trial all of the causes of action except the one alleging total and permanent disability from October 17, 1928, were withdrawn or stricken by the court. The material parts of the cause of action upon which the verdict was rendered, together with the material portions of the defendant's answer thereto, are printed in the margin.[2]

Keith L. Seegmiller, of Washington, D. C. (John C. Lehr, and Francis X. Norris, both of Detroit, Mich., William M. Lytle, of Chicago, Ill., and Francis M. Shea, Lester P. Schoene, Wilbur C. Pickett, and Fendall Marbury, all of Washington, D. C., on the brief), for the United States.

Warren E. Miller, of Washington, D. C. (Vincent E. Schoeck, of Marianna, Ark., on the brief), for Brundage.

[1] As both parties have appealed, they will be designated as they were in the trial court, plaintiff and defendant, respectively.

[2] Amended Complaint, Second Cause of Action.

"6. The insured's contract of war risk term insurance was maintained in full force and effect from December 1, 1926, to and including the month of April, 1930. The insured became and was totally and permanently disabled on, to-wit: October 17, 1928, at which time said contract of the United States Government Life (Converted) Insurance was in full force and effect in the amount of $10,000, due proof of said disability having been furnished to the defendant on, to-wit, October 17, 1928;

"7. Claim was filed on said contract of insurance on, to-wit: July 20, 1932, which claim was denied by defendant on, to-wit: February 17, 1933, November 8, 1933, and November 3, 1939, thus creating a 'disagreement' as contemplated by law, and vesting in this court jurisdiction

A motion of defendant for directed verdict was denied both at the close of its evidence and at the close of the entire case.

The court charged the jury as requested by plaintiff that the question presented under the cause of action submitted to the jury was "whether or not this man was totally and permanently incapacitated somewhere between October 17, 1928, and November 21, 1934." The court charged that if Smith on October 17, 1928, was totally and permanently incapacitated, the jury should find for the plaintiff, and also that if the jury found that Smith did at any time while his insurance was in force and effect become permanently totally disabled, then the jury must find the date upon which such permanent total disability occurred. The jury's verdict recited that "the defendant did undertake and promise in manner and form as the plaintiff hath in his complaint in this cause alleged," but made no finding either as to the existence of total and permanent disability, or as to the date upon which it occurred. A motion for judgment notwithstanding the verdict was denied, and judgment was entered for the plaintiff, awarding the sum of $4,999.70, representing the amount of extended insurance continued in force until November 21, 1934. Both parties appealed.

The defendant contends that the judgment must be reversed upon the ground (1) that there is no substantial evidence properly admitted at the trial that the insured became totally and permanently disabled on or prior to November 21, 1934; (2) that the trial court committed prejudicial error in the admission and exclusion of evidence, and (3) that the verdict is void for uncertainty. The plaintiff contends that since the only cause of action which was presented to the jury alleged total and permanent disability beginning October 17, 1928, the judgment should have been entered for $10,000, which was the amount of the policy in force at that date.

■ We think there is no substantial merit in defendant's first contention. Smith's disability arose from tuberculosis. While he died not from the disease, but from the results of an accidental fall,

Government doctors in six separate examinations of his condition from 1925 to 1928 diagnosed Smith's condition as chronic pulmonary tuberculosis moderately advanced and active. On April 12, 1933, a similar Government report was that Smith was suffering from pulmonary tuberculosis, chronic, far advanced, active "A." While a number of reports during this period diagnosed the tuberculosis as "quiescent," "inactive or apparently arrested," the positive diagnosis of April 12, 1933, that the tuberculosis was far advanced and active cannot be ignored. These reports presented a clear conflict of fact. Plaintiff's medical expert, the superintendent and medical director of the Detroit Tuberculosis Sanitarium, testified as to the medical distinction between "arrested" and "apparently arrested," stating that "We never allow a person to go to work with apparently arrested." In answer to a hypothetical question based upon the seven diagnoses above described, this expert stated that Smith's disease on October 17, 1928, in his opinion, was incurable. The defendant contends that this statement was repudiated on cross-examination, but a careful reading of the entire testimony fails to disclose any appreciable weakening of the expert's opinion. As to Smith's work record, various lay witnesses who employed him in housekeeping, in mowing lawns, and work of that nature, testified as to his doing work of this kind over a number of years. Smith also operated a small cash-and-carry ice station, rent free from 1930 to 1935, selling small quantities of ice at retail. The superintendent of the ice company stated in effect that Smith's work was not continuous, that when he waited on several customers consecutively he would have to rest in between times; that he would work six or eight weeks at the most and would have to give it up; that he would quit and be gone a couple of months and come back, and again would not be seen for a year. Other lay witnesses testified as to his violent coughing spells, his frequent exhaustion, and spitting of blood. Under the rulings of the Supreme Court in Berry v. United States, 312 U.S. 450, 61 S.Ct. 637, 85 L.Ed. 945, and Halliday v.

to hear and determine the issues herein involved."

Answer.

"(6) The defendant denies the allegations contained in paragraph 6 of plaintiff's 'Second Cause of Action.'

"(7) The defendant denies the allegations contained in paragraph 7 of the 'Second Cause of Action,' except that it admits that claim for insurance benefits was filed by the plaintiff on July 20, 1932, and the defendant states that no disagreement existed when this lawsuit was filed * * *."

United States, 315 U.S. 94, 62 S.Ct. 438, 86 L.Ed. 711, the record contains ample evidence to require submission to the jury of the question of total and permanent disability.

█ Defendant also contends that prejudicial error was committed by the trial court in admitting in evidence the finding by the insurance claims counsel that the insured was totally and permanently disabled in April, 1925. Pertinent portions of the letter which contain the finding are printed in the margin.[3] The defendant contends that this finding has no probative value within the reasoning in Third National Bank & Trust Co. v. United States, 6 Cir., 53 F.2d 599, and United States v. Ware, 5 Cir., 110 F.2d 739, 743. We think these cases, while correctly decided, are not controlling here because the evidence in question was clearly relevant and admissible under the peculiar facts of this record. The defendant in its answer stated that "no disagreement existed when this lawsuit was filed." Under Title 38 U.S.C. § 445, 38 U.S.C.A § 445, the existence of a disagreement was a jurisdictional prerequisite and had to be established by the plaintiff. Johnson v. United States, 10 Cir., 102 F.2d 729, 730; United States v. Mills, 6 Cir., 91 F.2d 487. The letter constituted relevant and probative evidence of the existence of the disagreement, and was properly admitted. Since the court charged the jury that the evidence showing that the Government's bureau at one time found Smith to be totally and permanently incapacitated, "does not and cannot be considered by you as proving that he was totally and permanently incapacitated," the defendant was not prejudiced.

█ The District Court did not err in excluding evidence that Smith had received disability compensation from the Government. The simple question in the case was whether Smith was totally and permanently disabled while his War Risk policy was in force, a question the solution of which depended entirely upon the contractual rights of the respective parties and the facts as to disability, and not upon payment of certain sums by the Govern-ment under another statutory obligation voluntarily assumed. Chrisman v. United States, 9 Cir., 61 F.2d 673; United States v. Matory, 7 Cir., 71 F.2d 798. Since the defendant does not contend that Smith was malingering [Cf. Cockrell v. United States, 8 Cir., 74 F.2d 151, 154], and since the plaintiff did not seek to explain Smith's work record by financial necessity [Cf. Prevette v. United States, 4 Cir., 68 F.2d 112], the fact whether or not Smith had received compensation was immaterial.

█ The question whether the verdict is void for uncertainty is closer. It is linked with the plaintiff's contention that the judgment should be reversed because the verdict required an entry of judgment for $10,000, and we deal with both of these questions in ruling upon this point. The jury's verdict made no finding upon the determinative issues in the case. There was no general finding in favor of the plaintiff. All that the jury found is that the defendant undertook and promised, as alleged in the cause of action submitted to the jury, that is, that it contracted to pay $10,000 between December 1, 1926, and April, 1930, in case of total and permanent disability. But there was no issue, either of law, or fact, as to the existence of this contract. It was stipulated at the trial that the policy for $10,000 was in force between December 1, 1926, and May 1, 1930, and that a converted policy for $5,000 was in force from May 1, 1930, to December, 1933, and was thereafter continued in force as extended insurance. The substantial issue in the case was whether Smith was totally and permanently disabled at any time during the life of either the $10,000 policy or the $5,000 policy. While the District Court instructed the jury if it found that Smith did "at any time while his insurance was in force and effect, become permanently totally disabled," to "find the date upon which such permanent total disability occurred," the form of verdict presented to the jury presumably contained no blank applicable to this question, and no such finding was made. The resulting confusion is shown by the fact that the plaintiff assumes that the disability existed while

---

[3] "Dear Sir: A decision has been rendered by the Insurance Claims Counsel, saying that you have been permanently and totally disabled for insurance purposes from April 15, 1925, and not from April 15, 1932, as claimed in your application. * * *

"This letter may be considered as evidence of disagreement on your claim for payment of disability benefits under the above described insurance policy in accordance with the terms of Section 19 of the Veterans Act, as amended."

210

the $10,000 policy was in force, that is, prior to May 1, 1930, and therefore demands reversal of the judgment for $4,999.-70. The District Court evidently concluded that the disability occurred some time between December, 1933, and November 21, 1934, after the extended insurance went into effect, and entered judgment on this basis.

If the amount had been conceded or undisputed, the court might have amended this verdict. Since one of the main issues in the case was the controversy over the amount due if the contract had been breached, we think that the court could not have cured the verdict by writing into it any particular amount.. The judgment in effect was an effort to amend the verdict, and was erroneous.

We recognize that if possible we should construe any verdict so as to give it effect even though it is not technically responsive to the issues. Roach v. Hulings, 16 Pet. 319, 321, 10 L.Ed. 979; Parks v. Turner & Renshaw, 12 How. 39, 44, 13 L.Ed. 883. But we think that this case falls within the alternative rule that where a verdict is not certain in itself and does not find facts from which certainty can be attained (Lee v. English, 107 Ga. 152, 33 S.E. 39; Burnett v. Harrington, 58 Tex. 359; Grays Harbor Boom Co. v. Lytle Logging Co., 38 Wash. 88, 80 P. 271), the verdict is void. Since it does not clearly find the matter in issue, it cannot be helped by implication (Jewett v. Davis, 6 N.H. 518), or be corrected or cured by the judgment (Cohues v. Finholt, 101 Minn. 180, 112 N.W. 12). The jury returned no general verdict in favor of the plaintiff, and made no finding for the plaintiff from which we may deduce what its conclusion was as to the critical date of total and permanent disability. We are informed in argument and by letter from the clerk of the United States District Court that this form of verdict is in general use in the district in question in War Risk cases; but this fact does not aid us where there are several possible amounts due, depending upon various possible dates of disability, and where the verdict does not cover these issues. Here we are presented only with a finding upon facts not in issue and with no finding upon facts in issue. We are unable to resolve the difficulty.

The judgment is reversed and the case is remanded for new trial.