[No. 6922.   Decided January 9, 1908.]

## THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM CONSTANTINE, *Appellant*.[1]

WITNESSES — CREDIBILITY—INTEREST OF WITNESS—EVIDENCE—ADMISSIBILITY. Upon a trial for assault with intent to murder, a complaint in a civil action brought by the complaining witness against the accused to recover damages is properly excluded as immaterial, where the fact of the bringing of the suit had already been shown for the purpose of affecting the interest and credibility of the complaining witnesses.

SAME—CONTRADICTION OF WITNESS—CRIMINAL LAW—SUPPRESSION OF EVIDENCE. Since an attempt to suppress evidence by paying money to the prosecuting witness may be shown as a corroborative circumstance against the defendant, it is error to refuse to allow the defendant to rebut evidence of such an attempt by contradicting evidence that a certain person had made such an offer on behalf of the defendant.

SAME—IMPEACHMENT—LAYING FOUNDATION FOR CONTRADICTION. Where the prosecuting witnesses had testified to an attempt made by an emissary of the defendant to suppress his testimony by the payment of money, it is not necessary to lay the usual foundation for the impeachment of his evidence by calling attention of the witnesses to any particular conversation, time, and place, but he may be impeached by merely showing that the matter testified to is untrue.

[1]Reported in 93 Pac. 317.

CRIMINAL LAW—DEFENSES—INSANITY—EVIDENCE. Upon a defense of insanity, where the state sought to show a rational state of mind at a certain time, by a particular statement made by defendant to his daughter, it is error to exclude evidence offered by the defendant as to his daughter's statement to him immediately preceding.

SAME—OPINION EVIDENCE—MENTAL CONDITION. Upon an issue as to the sanity of the accused, a nonexpert witness may give his opinion as to the mental condition of the defendant in his own language; and it is error to strike out an answer that witness could not say whether he was sane or insane but that "his mind was disordered I should say."

SAME—INSANITY—EVIDENCE. Upon the defense of insanity claimed to have been brought about by complaints made to him by the defendant's daughter respecting trouble with her husband, it is error to refuse to permit the daughter, who had detailed certain complaints made, to state whether that was the first time she had ever complained to defendant about such troubles.

SAME. Upon an issue as to the sanity of the accused, after the admission of evidence as to statements made by defendant to his attorney just before the commission of the offense, which tended to show defendant's physical and mental condition, it is error to exclude evidence of what the attorney stated to the defendant.

WITNESSES—IMPEACHMENT—CORROBORATION OF IMPEACHED WITNESS. The defendant has a right to offer evidence in support of his answer to an impeaching question, after the state has impeached it.

CRIMINAL LAW—TRIAL—ORDER OF PROOF. It is error to refuse to allow the defendant to contradict substantive evidence offered by the state as impeaching evidence, but which should have been introduced as part of the state's case in chief.

Appeal from a judgment of the superior court for King county, Morris, J., entered April 20, 1907, upon conviction of the crime of assault with a deadly weapon with intent to do bodily harm, after a trial upon an information charging the crime of assault with intent to murder. Reversed.

*Morris, Southard & Shipley*, for appellant.

*Kenneth Mackintosh* and *John F. Miller*, for respondent.

FULLERTON, J.—William Constantine was informed against by the prosecuting attorney of King county for the crime of

assault with intent to murder, committed with a revolver on the person of one Jesse M. Hall. To the information he pleaded not guilty, and on the issue thus made was tried by a jury, which returned a verdict finding him "guilty of assault with a deadly weapon with intent to do bodily harm." On this verdict he was adjudged guilty by the court of the crime defined by Bal. Code, § 7058 (P. C. § 1575), and sentenced to a term of one year in the state penitentiary and to pay a fine of $5,000. From the judgment and sentence he appeals.

The errors assigned are based wholly upon rulings of the court made in passing upon objections to the admission of evidence. These we will proceed to notice in their order.

When the complaining witness, Jesse M. Hall, was on the witness stand he was questioned on cross-examination concerning a civil action he had commenced against the appellant to recover damages for injuries suffered on account of the shooting. In the course of the inquiry the complaint itself was offered in evidence, and, on an objection made on the part of the state, was excluded by the court. This ruling constitutes the first error assigned. But we think the ruling correct. The fact that such a civil action had been begun was material on the question of the credibility of the witness, as it tended to show that he had more than the usual interest in the result of the criminal prosecution against the appellant, but all that was material was proven when the fact itself was admitted by the witness. It could add nothing to the proofs to introduce the complaint.

The witness Hall further testified, in answer to questions propounded to him by the state, that after the institution of the civil action and the commencement of the criminal prosecution, certain persons (referred to as the appellant's "emissaries" by the state's counsel) purporting to represent the appellant had approached him and offered to pay the hospital and medical fees he had incurred on account of his injuries, pay for a trip to California or some other place that

he might designate, and give him "a bunch of money besides," if he would abandon further prosecution of the civil action and not appear as a witness against the appellant in the criminal proceeding. On cross-examination he was questioned further concerning these proposals, and stated that one of the persons who approached him was a certain doctor whom he named. As a part of his defense the appellant produced this doctor, and sought to question him concerning the transaction; asking him, among other things, if he had ever made such a proposition to Hall as had been testified to by Hall while on the witness stand. To this inquiry an objection was interposed and sustained. The appellant thereupon offered to prove by the witness that he had never at any time, either as the representative of the appellant or otherwise, made any such proposition to the witness Hall, as had been testified to by Hall. This offer, also, the court rejected. The rulings of the court rejecting this evidence is the second error assigned.

The state in its brief seeks to justify the exclusion of this evidence on two grounds; first, that the fact testified to by Hall was a collateral and immaterial matter in itself and could not be made the basis of contradictory evidence, since the rule is that a witness cannot be contradicted on testimony he may give that is foreign to the issue, even though he testified untruthfully in regard thereto; and, second, that the questions put to the doctor called for evidence tending to impeach Hall, and no proper ground was laid in the examination of Hall for impeaching him.

The first ground stated clearly mistakes the law. It is a rule of evidence, as old as the law itself, applicable alike to both civil and criminal causes, that a party's fraud in the preparation or presentation of his case, such as the suppression or attempt to suppress evidence by the bribery of witnesses or the spoilation of documents, can be shown against him as a circumstance tending to prove that his cause lacks honesty and truth. *Carpenter v. Willey*, 65 Vt. 168, 26 Atl.

488; *Chicago City R. Co. v. McMahon*, 103 Ill. 485, 42 Am. Rep. 29; *Houser v. Austin*, 2 Idaho 204, 10 Pac. 37; *Cruikshank v. Gordon*, 118 N. Y. 178, 23 N. E. 457; *Waterhouse v. Rock Island Alaska Min. Co.*, 38 C. C. A. 281, 97 Fed. 466; *Graves v. United States*, 150 U. S. 118, 14 Sup. Ct. 40, 37 L. Ed. 1021; *Rice v. Commonwealth*, 102 Pa. St. 408; *People v. Chin Hane*, 108 Cal. 597, 41 Pac. 697; *State v. Hogan*, 67 Conn. 581, 35 Atl. 508; *Keesier v. State*, 154 Ind. 242, 56 N. E. 232; *State v. Rozum*, 8 N. D. 548, 80 N. W. 477; *State v. Roller*, 30 Wash. 692, 71 Pac. 718.

In the last-cited case this court held that a letter of the defendant, who was under arrest for incest, addressed to his son requesting the son to persuade the prosecuting witness not to testify against him, was evidence corroborative of other evidence tending to show guilt. The rule that permits acts of this character to be shown in evidence has its foundation in human experience. This experience has demonstrated that men who have meritorious causes do not generally resort to bribery and spoilation to maintain them, but that such conduct is the resort of those who are conscious that the truth, if all is told, will not aid them. In this case this evidence was particularly persuasive. The defense attempted to be maintained was temporary insanity. Manifestly if the defense was entered upon in good faith, nothing the prosecuting witness could truthfully testify to would be more effective as evidence than the statements of other persons who had an opportunity to observe the defendant's conduct and his condition of mind. The inference is strong, therefore, that the desire to suppress his testimony, if such desire existed, arose from other feelings than consciousness of merit in the defense attempted. The testimony being material it was, of course, competent to contradict it.

It was proper also to contradict it in the manner the defense attempted to contradict it. The witness testified to a fact which tended to establish the substance of the issue. It

was competent therefore for the opposing party to dispute the fact by evidence to the contrary. While the evidence did tend to impeach the prosecuting witness in a sense—that is, it tended to show that he had testified untruthfully—yet it was not that form of impeachment that requires any particular question to be put to him before the impeaching evidence can be introduced. That condition arises only where it is sought to impeach the witness by showing that he has made contradictory statements at some other time and place. In the latter case it is necessary before the impeaching evidence can be introduced, to call the witness' attention to the contradictory statements, the time when and place where they were made, the circumstances surrounding their making, and give him an opportunity to deny, admit or explain them. But where the witness testifies to a material matter as a fact, he can be impeached by merely showing that the matter testified to is untrue. It was prejudicial error, therefore, for the court to exclude this evidence.

Mr. Vince H. Fabin, called as a witness on behalf of the appellant, after testifying to the appellant's mental condition immediately following the shooting as he observed it, said that he accompanied the appellant's wife and daughter to the jail shortly after the appellant was arrested and placed therein. On cross-examination he was asked concerning the appellant's conduct when his wife and daughter came to him at the jail, and as to certain remarks the appellant made to his daughter at that time. On redirect examination he was asked to state what the daughter said to her father just preceding the statement which the father made and which he had repeated to the jury. To this question an objection was interposed and sustained by the court. This was a proper question and the witness should have been permitted to answer it. The matter under investigation was the condition of mind of the appellant at that time. The state sought to show that his mind was then rational by showing a particular state-

ment made by him to the daughter which tended to indicate rationality. The appellant was entitled therefore to place before the jury such part of the entire occurrence as would in any way tend to aid the jury in arriving at the true condition of mind of the appellant. The fact called for would have been of some aid. It would have shown at least whether it was responsive or otherwise to the daughter's statement, and thus indicated in some degree either rationality or irrationality. Since the appellant did not indicate in the record what he expected this evidence to show, this error would not require reversal if standing alone. It is discussed and determined because a new trial must be awarded and the same question will probably again recur.

In the examination of Mr. W. W. Wilshire, the following appears:

The Court: "Was he sane or insane? (Meaning the defendant.) The witness: "I am not an expert, I cannot say whether a man is sane or insane. His mind was disordered, I should say." Counsel for the state, "Objected to, and move that it be stricken" The court: "The objection will be sustained."

The answer should have been allowed to stand as part of the evidence for the consideration of the jury. A nonexpert witness may give his opinion as to the mental condition of a defendant, whose mental condition is the subject of inquiry, in his own language. He need not use the words "sane" or "insane" in describing that condition if he thinks some other form of words will more nearly express his ideas.

The prosecuting witness was the son-in-law of the appellant. He had married the appellant's daughter some six months before the shooting occurred. Immediately after their marriage the young couple took up their residence at Butte, Montana. The prosecuting witness did not succeed financially and the appellant brought the couple to his own home in Seattle, and started his son-in-law in business in that city. On Saturday evening preceding the Tuesday on which the shoot-

ing occurred, the daughter came to the father's place of business in a very agitated condition of mind, and, in answer to her father's inquiries as to the cause of her agitation, made some complaint against her husband, declaring that she could no longer live with him. The father soothed her as best he could, and later on accompanied her home. On the next day, two days preceding the shooting, he went riding with her, and while so riding undertook to reconcile her to her husband. The daughter, apparently in justification of her conduct, related to him some of the acts of cruelty her husband had been guilty of towards her while they were residing in Butte, telling him also, when he expressed the belief that the difficulties she had recited could be overcome, that there were other things, which shame forbade her telling him, which made it impossible for her to live longer with her husband. It was this recital of his daughter, with some additional particulars which were related to him the next morning, that it is asserted unsettled his reason and caused him to make the assault complained of.

The appellant undertook to prove these facts by the daughter herself. While on the witness stand she testified to the occurrences and to the appellant's appearance and conduct during the time she related them to him. She was then asked by counsel if this was the first time she had ever made complaint to her father about the trouble existing between herself and her husband. To this question an objection was interposed and sustained. The court should have permitted the witness to answer. It would have aided the jury somewhat, we think, in determining whether the appellant's mind was unbalanced at the time he committed the act for which he was being tried, to know when he was first made acquainted with the fact that the prosecuting witness had been guilty of wrongs towards his daughter.

The appellant, on the morning of the shooting and preceding that event, went to the office of a Mr. Fabin, an attor-

ney, to consult with the attorney concerning the procurement
of a divorce for his daughter. While on the witness stand,
as a witness in his own behalf, he was allowed to state what
he did and said while consulting with the attorney, but was
not permitted to relate what the attorney said to him. There
would seem to be no valid reason for this distinction. The
evidence was admissible, if it was admissible at all, on the
principle that it tended to show the then physical and mental
condition of the appellant. Surely this purpose would have
been accomplished much better by showing this entire trans-
action as it occurred, than by the halting effort made by the
witness in his endeavor to segregate his part of the conver-
sation from that of the person with whom he was conversing.

On cross-examination the appellant was asked the following
question:

"Now Mr. Constantine, I will ask you this question, if on
Tuesday morning the second day of October, at about from
8 to twenty minutes after 8 in the morning you did not come
into your meat market and go to your bookkeeper and say to
him, substantially, 'Can you run this business for a day or
two if I am not here?' and he says, 'Yes, I think so,' and you
said, 'I don't want you to think, I want to know if you can;'
and he says, 'Yes.' You then gave your bookkeeper, Ira Will-
iams, $20.00 in gold coin and you told him, 'Go and get me
an automatic pistol and I will kill that son-of-a-bitch,' and
that took place in the presence of Henry Weber and you and
Mr. Williams there in your place on that occasion?"

To the question he answered, "No, sir."

In rebuttal the state put a witness on the stand who testi-
fied that the occurrences recited in the question took place
substantially as therein related. The appellant thereupon
sought to show by the witnesses Hardy and Williams that noth-
ing occurred at the time in question such as the question im-
plied and the state's witness related. An objection was inter-
posed and sustained to this offer of proof, to which the appel-
lant excepted.

The court seems to have sustained the objection on the theory that the question asked was an impeaching question, on which the appellant could offer no other evidence than his own statement, and that he could only admit or deny the accusation. But such is not the rule. Conceding that the question was an impeaching question and proper as such, the appellant had the right to offer evidence in support of his answer after the state had impeached it, and the court improperly sustained objections to the evidence offered even on that theory. But the question was not properly an impeaching question. The question called for substantive evidence tending directly to support the issue between the state and the appellant, and should have been introduced as a part of the state's case in chief, so that the defendant could have met it when presenting his side of the case. The evidence being therefore a part of the state's case in chief, it was error not to permit the appellant to contradict it.

For the errors noted the judgment appealed from is reversed, and a new trial granted.

HADLEY, C. J., CROW, and MOUNT, JJ., concur.