[No. 21009. Department One. March 27, 1928.]

FRED WOOD, *Respondent,* v. GEORGE MILLER, *Appellant.*[1]

[1] HUSBAND AND WIFE (120)—ALIENATION OF AFFECTIONS—EVIDENCE. Contradictory evidence in an action for the alienation of the affections of a wife presents a question for the jury's determination.

[2] HUSBAND AND WIFE (121)—ALIENATION OF AFFECTIONS—EXCESSIVE DAMAGES. An award of $20,000 damages for alienation of the affections of a wife indicates passion and prejudice on the part of the jury, where the evidence shows that the spouses had not dwelt amicably together, the wife having brought two actions for divorce, prior to acquaintance with the defendant, which she afterward dismissed.

[3] WITNESSES (126)—IMPEACHMENT—ATTEMPTED BRIBERY — TESTIMONY SUBJECT TO CONTRADICTIONS. Evidence that a witness solicited a bribe to absent herself from the state so as not to testify against plaintiff is admissible for the purpose of impeaching her in a subsequent action between the same parties based on the same grounds.

[4] TRIAL (84)—INSTRUCTIONS—SUFFICIENCY AS TO EFFECT OF EVIDENCE. In an action for alienation of a wife's affections an instruction that an attempt to bribe a witness for plaintiff can be considered by the jury as a circumstance to aid them in reaching a verdict is improper in not further charging the jury that they may consider such collateral matter only in determining whether plaintiff's cause lacked honesty and truth.

[1]Reported in 265 Pac. 727.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered June 30, 1927, upon the verdict of a jury rendered in favor of the plaintiff in an action for alienation of affections. Reversed.

*Edwin H. Flick (John B. Fogarty, O. T. Webb, and H. Gordon Chute, of counsel),* for appellant.

*John J. Kennett, W. U. Park,* and *Swanson & Le Cocq,* for respondent.

TOLMAN, J.—Respondent by this action seeks recovery of damages for the alienation of the affections of his wife. The cause was tried to a jury, which returned a verdict against the defendant in the sum of $25,000. A motion for a new trial was made, and the trial court, being of the opinion that the verdict was excessive, gave the plaintiff the option of accepting a reduction to $20,000. That option being accepted, the motion for a new trial was denied. Judgment was rendered on the verdict as reduced, and the defendant has appealed from that judgment.

The errors assigned go to the sufficiency of the evidence, the denial of the motion for a new trial, the admissibility of certain evidence and the refusal to give certain requested instructions.

[1] We do not propose to discuss the evidence in detail. That, indeed, would be impossible, as the record is very voluminous. A sufficient setting for what we have to say is that respondent, Wood, who gave his age as forty-nine years at the time of the trial below, had been twice married before he married the woman who figures in this action. The wife, Nora Wood, had apparently been married, at least once, before, and had a well-grown son when she married respondent in 1911 or 1912. There were no children born of the marriage. There is no evidence of trouble between the

husband and wife before 1915 or 1916; but from then on the story is rather a sordid one, no matter which spouse is believed. The wife was beaten and her face bruised and eyes blackened on more than one occasion, perhaps due to some provocation on her part; and on most of these occasions the husband was more or less scratched up, perhaps caused by defensive tactics only.

The husband and wife became acquainted with appellant probably as early as 1918, but the husband does not seem to claim that appellant paid any undue attention to his wife, or in any manner influenced her, before 1920, the period mostly covered by the evidence being two or three years following 1920. We think, notwithstanding the many matters referred to in the evidence, the jury might have found that there was some affection between the spouses, even later than 1920, as thereafter the wife brought three successive actions for divorce, the first two of which were abandoned and dismissed, and the last only was prosecuted to a decree. It is true that respondent admits that he was several times convicted of criminal offenses and served jail sentences. The wife, also, was once so convicted and served a jail sentence. These matters do not warrant us in saying, as a matter of law, that either was unworthy of belief or that thereby the husband, in law, forfeited the affections of the wife. It was for the jury to consider these matters in the light of all of the other facts and circumstances shown in the case, including the evidence thought to show the unfaithfulness of the husband, and to determine where the truth lay and what was the cause of the loss of the affections of the wife.

[2] We do feel, however, in the light of all of the testimony as we read it, that the verdict was in such an amount as to clearly indicate passion and prejudice,

and we doubt exceedingly if the reduction made by the trial court was sufficient to purge it of the evils which permeated it.

We have here a couple who had reached middle life, with no children, and probably no hope of children, each having been married before, their affection for each other plainly waning and subject to violent breaks before appellant entered upon the scene, if he ever did so enter. The home was a house of public entertainment, with no showing of any unusual comforts or of any mutual seeking of the conjugal joys to the exclusion of other pleasures or diversions; nor was there any showing of any direct financial loss.

When it is remembered that punitive damages are not recognized in this state and that nothing beyond compensatory damages may be recovered, the verdict seems, even as reduced, to be so large as to shock the conscience. Were we the triers of the facts, we might well find that appellant was not instrumental in the matter of the loss by the husband of his wife's affections, or, if so, that the husband sustained nothing more than nominal damages. But, at the most, the facts warrant but a very modest verdict. The amount of this reduced verdict is so unreasonable that we feel it will be better to submit the facts to another jury.

Since a new trial must be ordered, it will be necessary to pass upon the questions raised as to the admission of evidence and the refusal of certain instructions.

[3] One of the principal witnesses for the respondent was permitted on the witness stand to tell a story of what she claimed was an attempt, upon the part of appellant's then attorneys, to bribe her to absent herself from the state so as not to testify in the trial of the cause. The attorneys involved were permitted to testify that the witness solicited a bribe, and that they, acting under the directions of the prosecuting

attorney, sought only to get evidence which would result in her conviction of the offense of soliciting a bribe. Under our previous holding in *State v. Constantine,* 48 Wash. 218, 93 Pac. 317, this evidence seems to have been properly admitted. It was there said:

"It is a rule of evidence, as old as the law itself, applicable alike to both civil and criminal cases, that a party's fraud in the preparation or presentation of his case, such as the suppression or attempt to suppress evidence by the bribery of witnesses or the spoilation of documents, can be shown against him as a circumstance tending to prove that his cause lacks honesty and truth."

[4] But it is said the attorneys had no authority to bind their client in such a manner, it being beyond the scope of their general employment. We think, however, that attorneys having charge of the preparation of a case for trial are so far the agents of their clients that, notwithstanding his refusal to have anything to do with the matter and saying to them what amounted to a direction to use their own judgment, an objection based upon want of authority in the attorneys was properly overruled. The court instructed on this subject:

"Certain testimony has been introduced with reference to an alleged attempt of defendant to bribe the witness Mrs. Goen. The burden of proof is upon the plaintiff to establish this attempt. An attempt to bribe the witness, should you find from the greater weight of the evidence that such attempt was made, is not proof that defendant did alienate the affections of plaintiff's wife, but can be considered by you only as a circumstance to aid you in reaching a proper verdict in the case."

This instruction seems to be proper as far as it goes, but it fails to tell the jury how the circumstance is to aid them in reaching a proper verdict in the case. In

appellant's proposed instruction No. A is incorporated the following:

"I instruct you that a party's fraud in the preparation or presentation of his case, such as the suppression, or attempt to suppress evidence by bribery of witnesses, or by false prosecution of a witness on a criminal charge, may be considered by you in determining whether or not that party's cause lacks honesty and truth."

We think so much of the proposed instruction should have been incorporated in the instruction given as to indicate clearly to the jury that they might consider such collateral matter only in determining whether the party's cause lacked honesty and truth. Without something directing the attention of the jury to the specific purpose for which the evidence might be properly considered, they may very likely have considered it for a wrong purpose, notwithstanding a specific instruction that they should not do so.

We have considered all of the other requested instructions which were refused in the light of the instructions given, and find that the subject matter in all was fully, clearly and concisely submitted to the jury by the instructions given.

The judgment is reversed, with directions to grant a new trial.

MACKINTOSH, C. J., PARKER, and MITCHELL, JJ., concur.