[No. 30919.   Department One.   December 13, 1949.]

THE STATE OF WASHINGTON, *Respondent*, v. EDGAR H.
FLIEHMAN, *Appellant*.[1]

*Henry Clay Agnew,* for appellant.

*Charles O. Carroll* and *Kathreen Mechem,* for respondent.

MALLERY, J.—This is an appeal from a conviction for negligent homicide.

The collision occurred on the early morning of April 18, 1948, in Seattle at the intersection of Empire way and Beacon avenue, where marginal construction work, marked by carefully illuminated barricades, narrowed the four traffic lanes into the two center lanes for a distance of twenty-four feet.  Curtis J. Sweeney was driving south on Empire way approaching Beacon avenue.  Just as a northbound car passed him near the narrowed portion of the

[1]Reported in 212 P. (2d) 794.

highway, appellant's car, also northbound, whipped out from behind the passing car, crossed the center line and struck Mr. Sweeney's car head-on, killing his eighteen-year-old daughter who was riding with him.

The main question is whether it was reversible error to permit the state to impeach a defense witness' credibility by a prior inconsistent written statement without having laid a foundation for it.

The state produced evidence that appellant, who had been drinking beer earlier in the day, met a companion and a young lady before midnight in a Seattle tavern, where he consumed one more beer. Then the threesome drove south from Seattle searching for a place to eat. Sometime before the collision appellant's car was observed northbound on the Seattle-Tacoma highway, where, on three occasions, it overtook and passed dangerously close to the witness' car at seventy miles an hour. Ten hours after the accident, officers calling on appellant at the hospital observed evidence of alcohol on his person.

In defense, the appellant's testimony was to the effect that he drank only one beer during the entire evening and early morning, that he had eaten a hamburger and a glass of milk shortly before the collision, that he drove carefully, that he did not exceed the speed limit, and that he did not have any near collisions en route. Appellant's testimony was corroborated by his guest, witness Johnson. However, neither appellant, who suffered a loss of memory as a result of his injuries, nor Johnson could testify as to any details on appellant's manner of driving immediately prior to the collision. Johnson testified that he fell asleep *just before* the collision. This circumstance permitted him fully to corroborate appellant up to that point.

When the defense closed, the prosecutor, in rebuttal, called an officer who identified a written statement signed by Johnson several hours after the collision, which read in part as follows:

"I had a half dozen or so bottles of beer. I don't think any of us were drunk. *I went to sleep shortly after we left*

*Tacoma,* and when I awoke I was under the other car." (Italics ours.)

The statement was admitted in evidence over appellant's timely and proper objection made on the ground that the state, on cross-examination of Johnson, had not laid a foundation for impeachment by self-contradiction. This is assigned as error.

■ It is error to admit the prior inconsistent un-cross-examined written statements of a witness, unless, on cross-examination, the witness has been confronted with the self-contradiction and has been given the opportunity to explain it or to reconcile it with his testimony. *Scandinavian American Bank v. Long,* 75 Wash. 270, 134 Pac. 913; *Webb v. Seattle,* 22 Wn. (2d) 596, 611, 157 P. (2d) 312, 158 A. L. R. 810; 3 Wigmore on Evidence (3rd ed.), 691, 702-04, §§ 1109, 1025, 1026; 6 Jones, Commentaries on Evidence (2d ed.), 4734 *et seq.,* § 2402.

■■ Whether or not such error is prejudicial, depends upon the circumstances of each case. The magnitude of the error in this case was increased by the absence of limiting instructions on the functions of impeachment. The jury was thus permitted to consider the prior inconsistent written statement as proof of the truth of its contents.

It is elementary that impeaching evidence should affect only the credibility of the witness. It is incompetent to prove the substantive facts encompassed in such evidence. *State v. Sandros,* 186 Wash. 438, 58 P. (2d) 362; *State v. Bogart,* 21 Wn. (2d) 765, 768, 153 P. (2d) 507, 133 A. L. R. 1454. When so used it may be prejudicial.

Respondent concedes the importance of the substantive facts of the impeaching evidence and appears to urge the competency of the written statement to prove them. We quote from its brief:

"This is not a case where the evidence as to which error is claimed is immaterial and therefore, under any circumstances, inadmissible. On the contrary, it is evidence which was material on the very point in issue, namely, appellant's method of operating his automobile resulting in the collision. It is nevertheless negative because *it showed that the*

*witness knew no more about the operation of the automobile than he knew about the collision."* (Italics ours.)

The erroneously admitted written statement, thus used to prove the truth of its contents, was prejudicial to appellant. Its admission in evidence was reversible error.

Appellant's other assignment of error is directed to an instruction given to the jury. It included language from the case of *Pinckard v. Pease,* 115 Wash. 282, 197 Pac. 49, with regard to which language the respondent said in its brief:

"Although the last sentence of the instruction may be subject to criticism, because of its form, it is equally apparent from an examination of the context of the whole instruction that it is a correct statement of the law."

We agree that the instruction complained of was not reversible error and also that it is ineptly worded. It should not be used as a model. We therefore refrain from quoting it or discussing it further.

The judgment is reversed.

Simpson, C. J., Schwellenbach, Grady, and Donworth, JJ., concur.