[No. 31880.  Department Two.  February 7, 1952.]

MIKE MOJAS, *Appellant,* v. M. D. McNUTT, *Respondent.*[1]

*O. M. Nelson,* for appellant.

*Lester T. Parker,* for respondent.

HILL, J.—This is an action by Mike Mojas against M. D. McNutt for alienating the affections of the former Mrs. Mojas (now the wife of the defendant) and debauching her.  A judgment of dismissal followed a verdict for the defendant.  The plaintiff appeals, asking for a new trial on

[1]Reported in 240 P. (2d) 928.

just one ground—the error of the trial court in permitting a witness to be impeached when no proper foundation had been laid.

The witness, Charles Augustine, testified that in Schafer Park during the summer two or three years before (the trial was in May, 1951), he saw an act of intercourse between the respondent and the then Mrs. Mojas in the front seat of the respondent's automobile, a tan Oldsmobile. This will hereinafter be referred to as the Schafer Park incident.

The Mojas divorce case was tried in August, 1950, and at that time the same witness testified with reference to the Schafer Park incident, but he did not then know who had been in the car except "by circumstantial evidence"; nor was he then so specific as to the activities of the people in the car.

It was established in the divorce trial that McNutt had disposed of the tan Oldsmobile in April of 1949. Accordingly, when the witness Charles Augustine testified in the trial of the present case, he fixed the time of the Schafer Park incident no closer than "maybe two years ago or three years ago," but insisted that it was in the summertime and while McNutt owned the tan Oldsmobile. We quote the conclusion of his cross-examination:

"Q. And you don't know when this was, even the year? A. I would say two or three years ago. I am not making an exact statement now. Q. In the divorce action you testified it was the summer of 1949, didn't you? A. I believed it was. Q. You believed it was. Do you say that now? A. I don't say that now, no. Q. That is what you said then? A. Yes. Q. Then you found out later that you didn't—. A. I never found out later, I thought about it. Q. Oh, you thought about it? A. Yes."

■ The law is clear that, when it is sought to impeach a witness by showing that at some other time or place he has made statements contradictory to or inconsistent with his present testimony, it is necessary, before the impeaching evidence can be introduced, to call the attention of the witness to the contradictory or inconsistent statements, the time when and the place where they were made, and the

circumstances surrounding their making. The witness should have an opportunity to admit, deny, or explain making them. *Brown v. Gillett,* 33 Wash. 264, 74 Pac. 386; *State v. Constantine,* 48 Wash. 218, 93 Pac. 317; *Scandinavian American Bank v. Long,* 75 Wash. 270, 134 Pac. 913; *Kellerher v. Porter,* 29 Wn. (2d) 650, 189 P. (2d) 223; *State v. Fliehman,* 35 Wn. (2d) 243, 212 P. (2d) 794; *McCall v. Washington Co-op. Farmers Ass'n,* 35 Wn. (2d) 337, 212 P. (2d) 813.

As to the time of the Schafer Park incident, a proper foundation for impeachment was laid; the attention of the witness was called to his testimony on the previous trial in all the necessary detail. But, as the cross-examination discloses, impeachment was not necessary on that point; the witness admitted that he had been mistaken in his former testimony.

When the court reporter was called for the purpose of impeaching the witness, respondent's counsel did not ask her to read that portion of the testimony in the divorce action in which the witness had fixed the time of the Schafer Park incident as August, 1949. Instead, although he had not asked the witness a single question on cross-examination concerning his testimony in the previous trial so far as it related to identification of or failure to identify the parties in the tan Oldsmobile or what they were doing, counsel had the court reporter read to the jury that part of the witness' testimony in the divorce action where, in his account of the Schafer Park incident, he had said that he did not know who was in the car except "by circumstantial evidence," and that they were "laying in the car."

■ The witness' attention not having been directed on cross-examination to his testimony in the divorce case on the identity or activities of the parties involved in the Schafer Park incident, no foundation was laid for the admission of the impeaching testimony on those matters.

■ Respondent urges that the impeachment of the witness was not prejudicial because his testimony was merely cumulative, and that the jury's verdict must have been

predicated upon a finding that there was no affection to be alienated. We cannot agree. The testimony of the impeached witness was the most specific and most damaging of all the testimony offered by the appellant. The impeached witness was the only one who testified to intercourse between the respondent and the former Mrs. Mojas. Moreover, entirely apart from the matter of alienation of affections, the testimony of that witness, if believed, made a *prima facie* case so far as appellant's cause of action was predicated upon criminal conversation, or what he referred to in his amended complaint when he alleged that the respondent debauched his wife. See *Bernier v. Kochopulos*, 37 Wn. (2d) 305, 223 P. (2d) 205.

The cause is remanded to the superior court with instructions to enter an order granting the appellant a new trial.

SCHWELLENBACH, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.