[No. 810-1.    Division Three.    April 3, 1972.]

GERALD BROWN et al., *Appellants*, v. JAMES F. CANNON et al., *Respondents*.

654

*Wendells, Froelich & Power* and *Alan L. Froelich,* for appellants.

*Davies, Pearson, Anderson & Gadbow* and *Wayne J. Davies,* for respondents.

MUNSON, C.J.—Plaintiffs Brown appeal an adverse jury verdict in their action for personal injuries, property damages and wrongful death of their child arising from a passing vehicle-left turning vehicle collision.

Defendants Cannon's Ford van, a light colored station wagon, and plaintiffs' Rambler were proceeding in tandem north on a 2-lane, hard-surfaced, level, straight, stretch of highway within the city limits of Auburn. Their approximate speed was 40 miles per hour.

Plaintiffs' testimony shows: They moved into the passing lane, accelerated to pass the station wagon and intended to turn in behind the Ford van. When they were abreast of the station wagon, the van slowed down and turned left. Plaintiff driver applied his brakes, skidded 113 feet and collided with the back of the turning vehicle. The skid marks and the point of impact were entirely within the southbound passing lane.

Defendants' testimony shows: Immediately prior to making the left-hand turn, defendant driver looked into his mirror, saw the passing lane was free, signaled his intention to turn approximately 100 feet before the driveway he wished to enter, slowed to approximately 20 miles per hour and began his turn.

The testimony of both parties is corroborated by other witnesses.

The issue dispositive of this appeal is whether the trial court erred in instructing[1] on the entire contents of RCW

---

[1] "No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction . . . unless such left side is clearly visible *and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must*

46.61.120 even though the italicized portions thereof were not relevant to the issues presented for jury determination. We find in the affirmative.

■ The challenged instruction pertains to the obligation of a passing vehicle as it relates to oncoming traffic except where it prohibits an improper return to the authorized lane of travel so as to cause discomfort to the driver of an overtaken vehicle. Under neither party's version of the accident was a contention made, nor can there be any inference, that the collision resulted from either the presence of oncoming traffic or because plaintiffs "cut" in front of the overtaken vehicle. Thus, the instruction submitted a collateral issue not supported by the evidence. As such, it invited speculation and is prejudicial error. *Izett v. Walker,* 67 Wn.2d 903, 410 P.2d 802 (1966); *Reynolds v. Phare,* 58 Wn.2d 904, 365 P.2d 328 (1961); *Day v. Goodwin,* 3 Wn. App. 940, 478 P.2d 774 (1970).

Inasmuch as the following issues may arise on retrial, we shall consider them.

(a) Whether the trial court erred in denying plaintiffs' motion for a directed verdict or judgment notwithstanding the verdict in light of *Niven v. MacDonald,* 72 Wn.2d 93, 431 P.2d 724 (1967) and *Hurst v. Struthers,* 1 Wn. App. 935, 465 P.2d 416 (1970)? We find no error.

■ *Niven* and *Hurst* are not controlling in the instant case. In those cases, the turning drivers testified they failed to look immediately prior to their turn. The courts therein, being cognizant of the skid marks in the passing lane, found that had the turning drivers looked they could not have failed to see the passing car. Herein defendant driver testified he looked immediately prior to his turn and saw no vehicle in the act of passing. The commencement of his turn prior to plaintiff's attempted pass was corroborated by a disinterested witness. Thus, it was reasonable for the jury

---

*return to an authorized lane of travel as soon as practicable and in the event the passing movement involves the use of a lane authorized for vehicles approaching from the opposite direction, before coming within two hundred feet of any approaching vehicle."* (Italics ours.)

to have concluded that immediately after defendant driver saw the passing lane free of traffic he commenced his turn and at that time plaintiff driver began his pass of the intervening car. The factual question of defendants' liability was properly submitted to the jury. *McGlothlin v. Cole,* 3 Wn. App. 673, 477 P.2d 47 (1970); *Greenwalt v. Lane,* 4 Wn. App. 894, 484 P.2d 939 (1971).

(b) Whether an investigating officer's report relative to statements made by plaintiffs' corroborating witnesses, concerning the accident, should have been admitted to impeach their testimony when (1) the testimony was presented by deposition, regularly taken and consented to by the opposing party, and (2) no foundation was laid in the deposition for the introduction of the impeaching evidence?

The introduction of impeaching evidence without a proper foundation is prohibited by *Mojas v. McNutt,* 40 Wn.2d 61, 240 P.2d 928 (1952). However, all parties are now aware of these facts; we would not expect this issue to arise upon retrial.

Judgment is reversed and the case is remanded for new trial.

GREEN and EVANS, JJ., concur.